IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
Western Division

UNITED STATES OF AMERICA

    Plaintiff,

v.    No. 09-cr-20410-BBD

MAURICE JOHNSON

    Defendant.

## REPORT AND RECOMMENDATION ON MOTION *IN LIMINE*

Before the Court by way of an Order of Reference from United States District Judge Bernice B. Donald (D.E. # 39) is the Motion of defendant Maurice Johnson praying for an order to compel[1] the United States to produce statements from a potential Government witness pursuant to the Jencks Act, 18 U.S.C. § 3500, *Brady v. Maryland*, 375 U.S. 83 (1963), or Rule 16 of the Federal Rules of Criminal Procedure (D.E. # 27). The Government filed its response in opposition on July 27, 2010. (D.E. # 32). A hearing on the motion was held on August 13, 2010. The case is set for trial on September 13, 2010. For the reasons set forth below, it is recommended that Johnson's Motion be denied.

On September 30, 2009, Johnson was charged in a single count indictment with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (D.E. #3). Johnson anticipates that the Government will call Officer Ryan Mendoza of the Memphis Police Department as a witness in its case-in-chief. It is Johnson's belief that the Government is in

---

[1] Although the motion is captioned as a motion *in limine*, such motions are procedural mechanisms generally used to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.2d 1108, 1112 (9th Cir. 2009).

possession of certain statements by Officer Mendoza with which Johnson could challenge Officer Mendoza's credibility.  Johnson seeks these statements pursuant to the Jencks Act, *Brady*, or Fed. R. Crim. P. 16.  Additionally, Johnson requests Officer Mendoza's personnel file in pursuit of potential impeachment material.[2]

The discovery available to a criminal defendant is relatively constricted and is generally circumscribed by three rules: (1) Fed. R. Crim. P. 16; (2) the Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). *See United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988); *United States v. Hayes*, 376 F. Supp. 2d 736, 738 (E.D. Mich. 2005).  There is no general constitutional right to discovery in a criminal case. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977).  Rule 16 requires the Government to disclose the defendant's oral statements, the defendant's written or recorded statements, the defendant's prior record, and documents and things in the Government's possession, custody, or control which are material to the preparation of a defense, which the Government intends to use in its case-in-chief, or which were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(1).  Disclosure under Rule 16(a) also extends to the results of certain examinations and tests as well as summaries of any expert opinions to be offered at trial.  Fed. R. Crim. P. 16(a)(1)(F)-(G).  The Jencks Act empowers the court to compel the production of any prior

---

[2] At oral argument, Johnson also requested grand jury transcripts pursuant to Rule 6.  This request was not made in the Motion, and the United States did not prepare a brief in opposition as to this particular issue.  As the law is well settled regarding "generalized" requests for grand jury information, it is recommended that this request be denied as well.  "It has long been the settled rule of the Sixth Circuit to require the defendant to demonstrate a particularized need for disclosure of matters occurring before the grand jury before the defendant may have pretrial access thereto. The defendant's particularized need for disclosure must outweigh the interest in continued grand jury secrecy.  A generalized desire to inspect the grand jury transcripts in the hopes that evidence beneficial to the defendant will be discovered does not satisfy the particularized need requirement.  Furthermore, the disclosure of grand jury proceedings is not proper merely for discovery purposes." *United States v. Smith*, No. 02-20380 BV, 2004 WL 784521, at *2 (W.D. Tenn. Jan. 26, 2004) (internal citations and quotation marks omitted).

statement made by a testifying witness when the statement is "in the possession of the United States . . . [and] relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). The court, however, has no authority to compel the disclosure of materials covered under the Jencks Act until after the witness has testified at the trial. *Id.* § 3500(a); *see, e.g., United States v. Abdi*, 498 F. Supp. 2d 1048, 1075 (S.D. Ohio 2007). *Brady v. Maryland* holds that the prosecution violates due process when it fails to disclose evidence favorable to the accused in a criminal case, if the evidence is material to guilt or sentencing. 373 U.S. at 87. The *Brady* rule extends to evidence which could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). Typically, the prosecution "is the sole judge of what evidence in its possession is subject to disclosure. If it fails to comply adequately with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *Presser*, 844 F.2d at 1281-82 (citing *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)). A defendant has a constitutional remedy for the nondisclosure of *Brady* material only if the defendant can show that there is a reasonable probability that "the omission deprived the defendant of a fair trial." *Id.* at 1282.

To the extent that Johnson seeks statements previously made by Officer Mendoza that are in possession of the Government, those statements clearly fall within the Jencks Act and need not be disclosed under after Officer Mendoza testifies at trial. There is no exception under the Jencks Act, Rule 16, or *Brady* which would compel disclosure of the statements at issue prior to Officer Mendoza testifying in the Government's case-in-chief. *See United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) ("When *Brady* material sought by a defendant is covered by the Jencks Act . . . the terms of that Act govern the timing of the government's disclosure.") (quoting *United States v. Bencs*, 28 F.3d 555, 561 (6th Cir. 1994)); *see also United States v. Stewart*, 5 F.

App'x 402, 409 (6th Cir. 2001) ("... to the extent that a witness' statement could be either *Brady* material or Jencks Act material, the government need not disclose that statement until after the witness has completed direct examination."); *Presser*, 844 F.2d at 1283 (holding that evidence properly disclosed after testimony at trial pursuant to Jencks Act cannot be subject to earlier disclosure under *Brady*). There is no conflict between Rule 16 and the Jencks Act because Rule 16(a)(2) specifically excludes Jencks Act material. Fed. R. Crim. P. 16(a)(2) ("Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.").

With regard to Officer Mendoza's personnel files, there is no evidence that those documents are in the custody of the United States. The scope of the Jencks Act, Rule 16, and *Brady* is generally confined to that which is in the prosecution's possession. Moreover, Johnson fails to indicate with specificity what relevant information he believes might be contained in Officer Mendoza's personnel files, arguing instead that disclosure of his file is warranted under *Brady* and Rule 16 because Officer Mendoza's credibility is important in this case. Johnson cites *United States v. Hayes*, 376 F. Supp. 2d 736 (E.D. Mich. 2005), to support his request. In *Hayes*, the district court utilized its powers under *Brady* to order the pretrial disclosure of investigative reports, witness statements, and grand jury materials related to a prior federal prosecution of the police officer who was to be the primary witness against the defendant. *Id.* at 741-42.

The request in this case is instead similar to that rejected by the Sixth Circuit in *United States v. Driscoll*, 970 F.2d 1472 (6th Cir. 1992), *abrogated on other grounds by Hampton v. United States*, 191 F.3d 695 (6th Cir. 1999). Driscoll argued on appeal that the district court's denial of his request for the arresting officers' personnel files violated *Brady. Driscoll*, 970 F.2d at 1482. The Sixth Circuit disagreed and concluded that because Driscoll "offered no support for

4

his contention that personnel files might contain information important to his case[,]" he failed to establish a right under *Brady* to inspect the officers' files. *Id.*  Thus, a speculative, nonspecific claim that an officer's personnel file might contain material helpful to the defendant is not sufficient to entitle the defendant to the officer's file or even to warrant the court conducting an *in camera* inspection of the file to determine if it contains relevant information.  *Id.* (citing *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985) and *United States v. Pitt*, 717 F.2d 1334, 1338-39 (11th Cir. 1983)); *see also United States v. Maga*, No. 3:08-CR-166, 2009 WL 1607739, at *2 (S.D. Ohio June 9, 2009) ("Thus, a defendant must provide some basis beyond speculation for his request in order to meet his burden and satisfy the requirements of *Driscoll*.); *United States v. Floyd*, 247 F. Supp. 2d 889, 901 (S.D. Ohio 2002) ("[In *Driscoll*,] . . . the Sixth Circuit concluded that, under *Brady*, the Government was not obligated to produce personnel files of its testifying agents, based solely upon the defendant's speculation that those files might contain impeaching information.").  Unlike the defendant in *Hayes*, who identified with particularity the justification for his request by pointing to the prior indictment of the arresting officer as a reason to question the officer's credibility, Johnson simply relies upon the fact that Officer Mendoza is the Government's primary witness to Johnson's alleged crime and does not indicate any other specific factual basis supporting his contention that Officer Mendoza's file might contain relevant information.  Accordingly, Johnson's motion amounts to nothing more than a generalized discovery request and is not cognizable under *Brady* or Rule 16.

Based on the foregoing, it is recommended that the Motion be denied.

Dated this 17th day of August, 2010.

       /s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**